Machelle L. FOSTER, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 5:10–CV–386–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Nov. 22, 2011.

Elizabeth F. Lunn, Lunn & Forro,
PLLC, Raleigh, NC, for Plaintiff.

Eskunder R.T. Boyd, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on cross-Motions for Judgment on the Pleadings. A hearing was held on these matters before the undersigned on October 18, 2011. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability payments pursuant to Titles II and XVI of the Social Security Act.

Plaintiff applied for DIB and SSI on April 10, 2008, alleging disability since October 1, 2006. Her claims were denied initially and on reconsideration. On December 18, 2009, an Administrative Law Judge (ALJ) held a hearing at which Plaintiff, her counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on February 19, 2010, finding that Plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 19, 2010. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. Id. Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. Id. Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. Id.

After finding that Plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that Plaintiff had the following severe impairments: depression, anxiety, morbid obesity with resultant knee and back pain, and history of deep vein thrombosis of the right upper extremity. The ALJ went on to find that Plaintiff did not have an impairment or combination of impairments that met or

equaled a listing at step 3, and found that Plaintiff had a residual functional capacity (RFC) to perform medium work with the following limitations: avoiding of repetitive overhead reaching with the right upper extremity and restriction to low-production work with only routine changes and no interaction with the general public. At step four, the ALJ found that Plaintiff could not perform her past relevant work, but found at step five that, considering Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled for the period of October 1, 2006, through February 19, 2010.

### Treating Therapist's Opinion

■ Plaintiff contends, *inter alia*, that the ALJ failed to properly assess the opinion and testimony of Plaintiff's treating therapist, and the Court agrees. Plaintiff's treating therapist, Ms. Demetry, is a licensed clinical social worker who holds a master's degree in social work. Ms. Demetry began providing counseling services to Plaintiff in February 2009 and worked with Plaintiff on a consistent and regular basis. Ms. Demetry continued to work with Plaintiff while Plaintiff received treatment and psychiatric medication from other mental health care professionals, including a physician assistant and a psychiatrist. Ms. Demetry was present at Plaintiff's hearing before the ALJ and provided extensive testimony as to Plaintiff's condition both currently and over time. The ALJ afforded little weight, however, to the opinion of Ms. Demetry. After noting that a licensed clinical social worker is not a treating source whose opinion is entitled to controlling weight, the ALJ determined that the greatest weight should be afforded to the treatment notes of two non-examining state agency physicians. The ALJ also referred to the opinion of Ms. Demetry as a "vocational assessment."

Licensed clinical social workers are medical sources who do not fall within the Commissioner's list of acceptable medical sources. *See* 20 C.F.R. § 404.1513(d) and § 416.913; SSR 06–03p. Social Security Ruling (SSR) 06–03p clarifies how the Commissioner is to consider the opinions of providers who are not considered acceptable medical sources. Specifically, the opinions of non-acceptable medical sources, who often have "close contact with ... individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time," are to be considered as "valuable sources of evidence for assessing impairment severity and functioning." SSR 06–03p. Additionally, depending on the facts of a particular case, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source." *Id.*

The Social Security Commission has recognized, as evidenced by SSR 06–03p, that health care is no longer only delivered by licensed physicians. Those medical professionals who support physicians, including physician assistants, nurse practitioners, and licensed clinical social workers, provide much of the care currently administered to patients. SSR 06–03p dictates that ALJs must at least consider the opinions of these non-acceptable medical sources, especially when there is evidence in the record to suggest that a non-acceptable medical source had a lengthy relationship with the claimant and can present relevant evidence as to an opinion about the claimant's impairment or ability to work.

■ Affording the greatest weight to the opinion of two non-treating physician sources cannot be supported by substantial evidence when a treating source, albeit a

non-acceptable treating source, has provided substantial evidence to the contrary. The substantial evidence standard is concerned with limiting an ALJ to basing a determination regarding a claimant's status on evidence that is both material and reliable. This is precisely why "[g]enerally, [the Commissioner] give[s] more weight to opinions from treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairments." 20 C.F.R. § 404.1527(d)(2).

Ms. Demetry's testimony at the hearing noted Plaintiff's chronic depression, her continued difficulties with anxiety, a GAF score that remained in the 40s despite treatment with medication, and her opinion that Plaintiff would likely have to be hospitalized if required to work forty hours per week. Evidence in the record reflects Ms. Demetry's medical (not vocational) assessment that Plaintiff suffered from substantial losses in her ability to understand, remember, and carry out simple instructions; her ability to make judgments; her ability to respond appropriately to supervision, co-workers, and usual work situations; and her ability to deal with change in a routine work setting. In light of the fact that Ms. Demetry was Plaintiff's primary mental health care provider and the fact that her testimony at the hearing was consistent with her treatment notes, her opinion should have been afforded at least as much weight as that of a non-examining physician.

When there is a conflict in the medical opinion evidence, an ALJ is required to fully explain the weight given to each of the sources and the reasons for according such weight. *See Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir. 1984). Although Ms. Demetry's testimony was briefly discussed, the ALJ pointed only to progress notes of Plaintiff's psychiatrist and physician assistant that reported that Plaintiff was feeling better when on Prozac as bases for disregarding Ms. Demetry's opinion. However, given the extent of the opinion testimony by Ms. Demetry and her status as a treating medical source, the Court finds that the ALJ erred in not better articulating her reasons for finding that Ms. Demetry's testimony was inconsistent with the weight of the medical evidence. *See Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001) (discussing the need for "specific and legitimate grounds to reject" treating source opinions).

## CONCLUSION

The Court finds that the ALJ erred in not assigning proper weight to Ms. Demetry's opinion and in failing to more fully explain the reasons for disregarding Ms. Demetry's treating source testimony. Accordingly, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, Defendant's Motion for Judgment on the Pleadings is DENIED, and the decision of the ALJ is REMANDED to the Commissioner for further proceedings.